WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Riley Briones, Jr.,<br><br>　　　　　Defendant/Movant. | No.  CV 13-1240-PHX-RCB (BSB)<br><br>CR  96-464-PHX-RCB<br><br>**O R D E R** |

On June 20, 2013, Movant Riley Briones, Jr., who is represented by attorney Sigmund G. Popko, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (lodged at Doc. 2), a Motion to Stay § 2255 Proceedings Pending the Outcome of a Request for Authorization by the Ninth Circuit[1] (Doc. 1), and an Application to Proceed Without Prepayment of Fees (lodged at Doc. 3).

On June 25, 2013, Movant filed a Notice informing the Court that the Ninth Circuit Court of Appeals had appointed counsel for Movant regarding his application for authorization to file a second or successive § 2255 motion that is pending in the Ninth Circuit and ordered a response from Respondent.

. . .

. . .

---

[1] This document was inaccurately docketed as a Motion for Leave to File and the § 2255 Motion and Application to Proceed were lodged, rather than filed.  The Court will direct the Clerk of Court to file the § 2255 Motion and Application to Proceed.

**I.    Application to Proceed Without Prepayment of Fees**

Although Movant has filed an Application to Proceed without Prepayment of Fees, there is no filing fee or court costs associated with a § 2255 proceeding. *See* Rule 3, Rules Governing § 2255 Proceedings, Advisory Comm. Notes (1976) ("There is no filing fee required of a movant under these rules."). The Court will therefore deny as moot Movant's Application to Proceed.

**II.    Procedural Background**

Movant was convicted by a jury of First-Degree Felony Murder, two counts of Conspiracy to Commit Arson, four counts of Arson, Assault with a Dangerous Weapon, Tampering with a Witness, and Possession of an Unregistered Destructive Device. The Court sentenced Movant to life imprisonment without the possibility of parole.

On November 29, 1999, Movant filed a *pro se* § 2255 Motion (Doc. 1 in CV 99-2094 and Doc. 210 in CR 96-464). In a March 31, 2003 Order (Doc. 281 in CR 96-464), the Court denied Movant's § 2255 Motion. The Clerk of Court entered Judgment on the same date (Doc. 282 in CR 96-464).

Movant's current § 2255 Motion, therefore, is his **second** § 2255 Motion.

**III.    Discussion**

Under 28 U.S.C. §§ 2255 and 2244, a movant may not file a second or successive § 2255 motion in the district court unless the movant has obtained a certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second or successive § 2255 motion. Although Movant has **sought** a certification from the Ninth Circuit, *see Briones v. United States*, 13-71056 (9th Cir. March 25, 2013), he has not yet **obtained** a certification.

"From the district court's perspective, [the provisions requiring appellate court authorization] are 'an allocation of subject-matter jurisdiction to the court of appeals.'" *United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999) (quoting *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)). "Anyone who files a 'second or successive' application must start in the court of appeals, and any effort to begin in the district court

- 2 -

must be dismissed for want of jurisdiction or transferred to the court of appeals." *Benton v. Washington*, 106 F.3d 162, 165 (7th Cir. 1996) (internal citation omitted). *See also Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."); *Pratt v. United States,* 129 F.3d 54, 57 (1st Cir. 1997) ("[A] district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals." (internal citation omitted)); *Nunez*, 96 F.3d at 991 ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Because Movant has failed to obtain permission from the Ninth Circuit before filing this second § 2255 motion, the Court lacks subject matter jurisdiction over the second § 2255 motion and must dismiss it. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (concluding that the district court lacked jurisdiction to consider a successive § 2255 motion when movant had failed to request certification from the appellate court prior to filing successive § 2255 motion in the district court); *United States v. Alvarez-Ramirez*, 128 F. Supp. 2d 1265, 1267 (C.D. Cal. 2001) (dismissing a second § 2255 motion for lack of subject matter jurisdiction because movant failed to obtain Ninth Circuit certification). The Court will not direct the Clerk of Court to refer the second § 2255 motion to the Ninth Circuit because the second § 2255 motion is already attached as an exhibit to the application for authorization to file that Movant filed with the Ninth Circuit. *See* Doc. 1-2 in 13-71056. The Court will, however, direct the Clerk of Court to send a copy of this Order to the Ninth Circuit Court of Appeals.

To the extent Movant requests that the Court stay this case pending the Ninth Circuit's ruling on his application for authorization to file, the Court declines to do so. The Court cannot stay a case over which it does not possess jurisdiction. The Court rejects Movant's contention that the "stay and abeyance" procedure for a state prisoner's

- 3 -

"mixed" habeas corpus petition, *see Rhines v. Weber* 544 U.S. 269 (2005), is analogous. More analogous is *Iasu v. Smith*, 511 F.3d 881, 886-88 (9th Cir. 2007), which concluded that a district court lacked habeas jurisdiction over an order of removal because under 8 U.S.C. § 1252(a)(5), a petition for review filed in the appropriate court of appeals was the exclusive means of obtaining review of an order of removal.

To the extent Movant is concerned about the timeliness of his § 2255 motion, the Court can address that issue if the Ninth Circuit grants Movant authorization to file. Or, the Ninth Circuit can obviate the issue by directing the Clerk of Court to consider the petition deemed filed on the date it was delivered to prison officials for filing in the appellate court.

**IT IS ORDERED**:

(1) The Clerk of Court **must file** the lodged Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **and** lodged Application to Proceed without Prepayment of Filing Fees.

(2) Movant's June 20, 2013 Application to Proceed without Prepayment of Filing Fees is **denied** as moot.

(3) Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (lodged at Doc. 323 in CR 96-464) is **denied** and the civil action opened in connection with this Motion (CV 13-1240-PHX-RCB (BSB)) is **dismissed without prejudice**. The Clerk of Court must enter judgment accordingly.

(4) Movant's Motion to Stay (Doc. 1 in CV 13-1240) is **denied**.

(5) The Clerk of Court must send a copy of this Order to the **Ninth Circuit Court of Appeals** and to **Plaintiff**. The Clerk of Court must indicate that the Order relates to Ninth Circuit case 13-71056.

. . .

. . .

. . .

   (6) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

   DATED this 25th day of September, 2013.

_____
Robert C. Broomfield
Senior United States District Judge